IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JANICE BROWN                                                                                          PLAINTIFF

v.                              Case No. 1:24-cv-1025

UNITED HEALTHCARE CORPORATION                                                      DEFENDANT

**ORDER**

Before the Court is Defendant UnitedHealthcare Insurance Company's ("UnitedHealthcare").[1] Motion to Dismiss. ECF No. 8. Plaintiff Janice Brown has not filed a response, and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On February 21, 2024, Plaintiff filed her complaint in the Ouachita County, Arkansas Circuit Court. ECF No. 3. Plaintiff alleges that her son, Derek Brown, obtained a life insurance policy through his employer Rent-A-Center, which was in turn provided by UnitedHealthcare. Plaintiff further alleges that she was the beneficiary of her son's life insurance policy and that, upon her son's death, UnitedHealthcare denied her claim for benefits under the life insurance policy. Plaintiff brings one claim for breach for contract against UnitedHealthcare for failure to provide the requested benefits.

On April 11, 2024, UnitedHealthcare removed this action to this Court pursuant to 28 U.S.C. § 1446(a). ECF No. 2. UnitedHealthcare asserts that this Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). United HealthCare subsequently

---

[1] Defendant asserts that Plaintiff erroneously named it as "United Healthcare Corporation."

filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's breach of contract claim is wholly preempted by ERISA.

## II. LEGAL STANDARD

A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more that an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). While factual allegations in a complaint are presumed true, unsupported legal conclusions presented as facts are not sufficient to show a pleader is entitled to relief. *See id*. (citations omitted). There must be factual allegations underlying a complaint such that the claim of misconduct is sufficiently plausible on its face and not merely a possibility. *See id*. at 678-79 (citations omitted). Sufficiently supporting a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Upon motion, a party against whom a claim for relief is sought may assert the defense that the claim is not one upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the complaint in the light most favorable to the non-moving party. *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (citations omitted).

## III. DISCUSSION

Plaintiff brings a claim for breach of contract against UnitedHealthcare for an alleged failure to pay life insurance benefits to Plaintiff upon her son's death. ECF No. 3, p. 1-3. Plaintiff alleges that Derek Brown obtained a life insurance policy provided by UnitedHealthcare as part of his employment benefits with Rent-A-Center. Plaintiff further alleges that Rent-A-Center paid all

premiums owed for the life insurance policy. Plaintiff asserts that she was the beneficiary for the life insurance policy benefits upon her son's death on October 13, 2021. Plaintiff then states that UnitedHealthcare denied her claim for benefits under the policy and further denied her appeal of the initial denial. Plaintiff contends that UnitedHealthcare improperly denied benefits rightfully owed to her under the insurance contract through its denial of her claim. Plaintiff seeks damages in the amount of the full value of the life insurance policy, along with costs and attorney's fees.

UnitedHealthcare argues that Plaintiff's breach of contract claim is preempted by ERISA and must be dismissed. ECF No. 8, p. 3-5. UnitedHealthcare first asserts that 29 U.S.C. §1144(a) and the Supreme Court's holding in *Aetna Health Inc. v. Davila*, 542 US 200 (2004) make it clear that ERISA is the sole remedy for claims related to employee benefit plans. UnitedHealthcare then contends that Plaintiff's allegations make it indisputable that the life insurance policy Derek Brown obtained during his employment is an "employee welfare benefit plan" subject to ERISA. Therefore, UnitedHealthcare concludes that Plaintiff's breach of contract claim related to Derek Brown's life insurance policy is preempted by ERISA and must be dismissed. As previously noted, Plaintiff has not responded in opposition.

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990) (quotation omitted). An "employee welfare benefit plan" is defined as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services[.]

29 U.S.C. § 1002(1). ERISA provides participants and beneficiaries of such an employee benefit plan the means for civil enforcement of the rights protected under the plan. *See Ingersoll-Rand Co.*, 498 U.S. at 137 (citing 29 U.S.C. §1132(a)). "ERISA supercedes [sic] 'any and all State laws insofar as they . . . relate to any employee benefit plan.'" *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 771 (8th Cir. 2006) (quoting 29 U.S.C. §1144(a)). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.

"A law relates to a covered employee benefit plan for purposes of ERISA if it has (1) 'a connection with' or (2) 'reference to such a plan.'" *Parkman*, 439 F.3d at 771 (internal quotation omitted). The Eighth Circuit has also stated that "a claim relates to an ERISA plan when it 'premises a cause of action on the existence of an ERISA plan.'" *Estes v. Fed Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005) (internal quotation omitted). "ERISA preempts '"state common law tort and contract actions asserting improper processing of a claim for benefits' under an ERISA plan." *Moore v. Apple Central, LLC*, 893 F.3d 573, 576 (8th Cir. 2018) (internal quotations omitted). "If the essence of a state law claim 'relates to the administration of plan benefits, it falls within the scope of ERISA.'" *Id*. (internal quotation omitted).

The Court finds that Plaintiff's breach of contract claim is preempted by ERISA. Plaintiff's allegations place Derek Brown's life insurance policy squarely within the definition of an ERISA employee benefit plan under 29 U.S.C. § 1002(1), as it is a plan funded by his employer to provide benefits upon his death. Further, Plaintiff's breach of contract claim is expressly premised on the existence of that ERISA covered plan and UnitedHealth's allegedly improper administration of Plaintiff's claim for benefit proceeds under that plan. Therefore, Plaintiff's breach of contract

4

claim plainly "relates to" the administration of an ERISA plan and is preempted by ERISA. *See Moore*, 893 F.3d at 576; *Parkman*, 439 F.3d at 771-72; *Estes*, 417 F.3d at 872-73. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted and her complaint must be dismissed.[2]

### IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant UnitedHealth's Motion to Dismiss (ECF No. 8) should be and is hereby **GRANTED**. Plaintiff's Complaint (ECF No. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 3rd day of June, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Some courts provide an opportunity for a plaintiff to file an amended complaint asserting an ERISA claim after the court finds that the originally pled state-law claims are preempted by ERISA. *See, e.g.*, *Moore v. Apple Central, LLC*, 2017 WL 525703 at *2 (W.D. Ark. Feb. 8, 2017). The Court does not find that approach prudent in this instance because of Plaintiff's failure to respond to Defendant's motion to dismiss.